UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RICHARD E. HAMILTON, JR., et al.,       )
                                         )
    Plaintiffs                           )
                                         )
v.                                       )   2:13-cv-00414-JAW
                                         )
FEDERAL HOME LOAN                        )
MORTGAGE CORPORATION, et al.,            )
                                         )
    Defendants                           )

**RECOMMENDED DECISION ON
MOTION TO REMAND[1] (ECF No. 11)**

The plaintiffs commenced this action in Cumberland County Superior Court. Defendant Nationstar Mortgage LLC filed the notice of removal that brought the case here.[2] Now pending

---

[1] There is a split of authority whether a remand order falls within a magistrate judge's referral authority to issue orders concerning non-dispositive matters or falls within that category of dispositive matters requiring proposed findings and a recommendation to the district court judge. Compare Fed. R. Civ. P. 72(a) with 72(b) and see Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 12-13 (1st Cir. 1992) (per curiam). I have erred on the side of caution and treated the issue as a dispositive matter for purposes of magistrate judge referral jurisdiction under 28 U.S.C. § 636(b)(1), as have other magistrate judges in this circuit, e.g., Haber v. Massey, 904 F. Supp. 2d 136, 138 (D. Mass. 2012) (Neiman, Mag. J.), although there is a split of authority among magistrate judges within the first circuit districts. I note that this Court has previously addressed an order of remand as a non-dispositive matter. Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 594 F. Supp. 583, 585-86 (D. Me.) (Carter, J., affirming order of remand by Hornby, Mag. J., based on the "clearly erroneous or contrary to law" standard of 28 U.S.C. § 636(b)(1)(A)). Magistrate Judge Neiman has canvassed the split of authority and has noted that at least four circuit courts of appeals have come to hold that orders of remand are akin to dispositive orders, and that it is difficult to "auger" what the First Circuit might conclude. Valley Mgmt. v. Boston Rd. Mobile Home Park Tenants' Ass'n, 736 F. Supp. 2d 344, 346-47 (D. Mass. 2010). I agree with him that it is more expeditious to simply offer a recommended decision. Id. at 347. Although it is not determinative of the issue, I note that orders of remand are non-appealable orders and would only be subject to appeal if this Court were to dispose of the matter on the basis of a magistrate judge's order rather than recommendation. Gordon, 979 F.2d at 13-14.

[2] The notice of removal clearly reflects that it was filed by Paula-Lee Chambers, counsel of record for Nationstar Mortgage LLC, and for no other defendant. The Clerk's Office has cross-designated Attorney Chambers as counsel of record for the Federal Home Loan Mortgage Corporation d/b/a Freddie Mac. Presumably this is based on Ms. Chambers's entry of an appearance for Freddie Mac on the state court docket sheet. On October 29, 2013, Chambers did file a motion for extension of time to file a responsive pleading in state court on behalf of both Nationstar and Federal Home Loan Mortgage. I note that in her latest filing, an affidavit, Ms. Chambers attests that she is counsel of record for Nationstar, with no similar representation concerning Freddie Mac. As it stands, no counsel has yet directly entered an appearance on this Court's docket on behalf of Freddie Mac, although Chambers's state representation was noted in the case caption by the clerk's office in federal court. In the notice of removal, Chambers represents that no other defendant has been served, according to the state court docket, and that therefore consent to removal is not needed from any of the other defendants. (Notice of Removal ¶ 19.) If this is correct, then Freddie Mac has never been properly served. Assuming Freddie Mac is effectively served at a later

is the plaintiffs' motion to remand (ECF No. 11).  The Court referred the motion for disposition.  I recommend that the Court grant the motion to remand.

**Removal Jurisdiction**

Pursuant to federal law, a defendant in a lawsuit commenced in a state trial court may elect to remove the lawsuit to federal district court if the action is one over which the district court would have original jurisdiction.  28 U.S.C. § 1441(a).  The procedure for removing a case from state court is found in 28 U.S.C. § 1446.  The procedure for seeking remand is found in 28 U.S.C. § 1447.  Pursuant to 28 U.S.C. § 1446(b)(1), Nationstar needed to file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

In the context of disputes over removal jurisdiction, it is the removing defendant's burden to show that removal was proper.  Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008).  "Among the elements of removal that a defendant must prove by a preponderance of the evidence is its timeliness."  McCormick v. Festiva Dev. Group, LLC, No. 09-cv-365-P-S, 2009 U.S. Dist. Lexis 126107, at *3, 2009 WL 3615021, at *1 (D. Me. Oct. 27, 2009) (recommendation on motion to remand, mooted upon plaintiff's withdrawal of motion to remand); see also Kingsley v. Lania, 221 F. Supp. 2d 93, 95 (D. Mass. 2002) ("[U]pon a motion to remand, the burden is upon the removing party to show that . . . removal was timely . . ."). "Removal statutes should be strictly construed against removal and doubts resolved in favor of remand."  Kingsley, 221 F. Supp. at 95.  "All doubts are to be resolved against removal."  Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).

---

date, it may or may not elect to remove the case against it from the state court pursuant to 12 U.S.C. § 1452(f). Such a notice is not currently before the court and I do not attempt to evaluate here whether such a removal would carry the claims against the other defendants back to this court.

## Discussion

The plaintiffs request remand because the notice of removal was filed 31 days after receipt by Nationstar of the plaintiffs' complaint, stating that receipt occurred on October 8, 2013, and that the notice of removal was filed on November 8, 2013. (Motion to Remand ¶¶ 2, 5.) In its opposition to the motion to remand, Nationstar concedes that it received the complaint on October 8, 2013. (Nationstar's Opposition at 4, ECF No. 18.) Nationstar asserts that its filing was timely because the 30-day period included the Columbus Day holiday. (Id.) However, Rule 6 of the Federal Rules of Civil Procedures governs the computation of time in this instance because the removal statute does not specify a method of computing time. Fed. R. Civ. P. 6(a). Rule 6 provides that when a time period is stated in days all days are counted, including weekends and holidays, unless the last day of the period is a weekend day or holiday, in which case the period continues to run until the end of the next non-weekend or non-holiday day. Fed. R. Civ. P. 6(a)(1).

Nationstar did, in fact, miss the 30-day deadline for removal. The plaintiffs also assert that Nationstar should be treated as having waived opposition to the motion to remand because Nationstar did not timely oppose the motion to remand. (Reply at 1, ECF No. 35.) This assertion is also supported by the docket. The plaintiffs filed their motion to remand on December 5, 2013, and Nationstar had until December 26 to respond pursuant to Rule 6 and Local Rule 7. There is no indication on the docket of a motion to extend time and Nationstar filed its response to the motion on December 27. Pursuant to Local Rule 7: "Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." D. Me. Loc. R. 7(b).

In its opposition papers, Nationstar attempts to advance an argument that its notice of removal was actually timely because the 30-day period should be extended based on "the ground of fraudulent joinder of a nondiverse party." (Nationstar's Opposition at 4.) This legal argument is waived because Nationstar did not timely oppose the plaintiffs' motion to remand. Moreover, even if this argument were treated as not waived, Nationstar itself asserts that *federal question* jurisdiction is apparent from a review of the plaintiffs' allegations. (Id. at 6-7.) Consequently, there is no good reason to excuse untimely removal based on an allegation that the plaintiffs fraudulently named certain parties to defeat *diversity* jurisdiction.

Finally, the plaintiffs request an award of fees for their trouble opposing the removal. (Motion to Remand ¶¶ 40-41.) The plaintiffs do not cite any authority for such an award and the general rule is that pro se litigants are not entitled to attorneys' fees, even where specific fee-shifting provisions exist. Giannetta v. Boucher, 981 F.2d 1245 (1st Cir. 1992) (per curiam) (unpublished table decision), available at 1992 WL 379416, at *7, 1992 U.S. App. Lexis 33313, at *19. I can discern no valid basis for ordering an award to the plaintiffs for the burden of opposing removal of their state court action to federal court.

## CONCLUSION

For the reasons set forth above, I recommend that the Court remand the case to the Cumberland County Superior Court.[3]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being

---

[3] In their motion to remand the plaintiffs assert that the Federal Home Loan Mortgage Corporation d/b/a Freddie Mac "filed a Notice of Filing Notice of Removal." (Motion to Remand ¶ 4.) Whatever notice Freddie Mac may have provided to the plaintiffs, the Court's docket does not reflect that Freddie Mac ever filed a notice of removal.

4

served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 14, 2014　　　　　　　　　　　　　　/s/ Margaret J. Kravchuk
　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge