UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RICHARD E HAMILTON, JR, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 2:13-cv-00414-JAW |
| | ) |
| FEDERAL HOME LOAN MORTGAGE | ) |
| CORPORATION, *et als.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDED DECISION ON MOTION TO JOIN NOTICE OF REMOVAL**

On January 14, 2014, Magistrate Judge Margaret J. Kravchuk issued a Recommended Decision (ECF No. 41) concerning Plaintiffs' Motion to Remand (ECF No. 11). In that Recommended Decision, the Magistrate Judge recommended that the case be remanded to state court based on Defendant Nationstar's failure to file timely its Notice of Removal (ECF No. 1). According to the Recommended Decision, the Federal Home Loan Mortgage Corporation, doing business as Freddie Mac ("the Corporation"), had not, as of the date of the Recommended Decision, joined in Nationstar's Notice of Removal. On January 21, 2014, subsequent to the issuance of the Recommended Decision, the Corporation filed its Motion to Join (ECF No. 44) the Notice of Removal. Plaintiffs oppose the Motion. (*See* ECF No. 54.) On February 26, 2014, the Court referred the Motion to Join for report and recommendation.

Pursuant to the Corporation's statutory charter, the Corporation may remove an action from state court to federal court if the action is one "to which the Corporation is a party." 12 U.S.C. § 1452(f)(3). Removal pursuant to this provision may take place "at any time before the trial." *Id.* Although the Corporation maintains that Plaintiffs have not yet properly served the Corporation, the Corporation is nevertheless a party to this action. That is, a party defendant need not be

properly served in order to remove an action to federal court. *See, e.g,* 28 U.S.C. § 1446(b). Because this matter is an action "to which the Corporation is a party," the Corporation is authorized by statute to remove the matter to federal court at this stage of the proceedings. 12 U.S.C. § 1452(f)(3).

Plaintiffs argue that Nationstar's failure to remove timely the action serves to bar any other defendant from subsequently removing the action. (Plaintiffs' Objection to Joinder in Notice of Removal at 10, ECF No. 54, citing, *inter alia*, *Webster v. Saxon Mortgage Servs., Inc.*, 769 F. Supp. 2d 1, 2 (D. Mass. 2010) ("The first-served defendant's forfeiture of the right to remove, by its failure to do so within the 30–day period, binds all subsequently named or served defendants."). The principle upon which Plaintiffs rely is based on the unanimity of consent requirement (i.e., that all defendants must agree to removal) that has long been part of 28 U.S.C. § 1446. *See, e.g., Gorman v. Abbott Labs.*, 629 F. Supp. 1196, 1199-200 (D. R.I. 1986). The cases cited by Plaintiffs, however, predate certain amendments to Title 28 in 2011. Most significantly, a defendant that might have failed to remove timely an action can now join in the removal of a subsequently served defendant.[1] Implicit, if not explicit, in the amendment is that the failure of one defendant to remove an action does not preclude another defendant from removing the action provided the removal is filed within the applicable time period.

Furthermore, because removal by the Corporation would be pursuant to 28 U.S.C. § 1442, unanimity of consent is not a prerequisite to removal. Unanimity is only a requirement when a

---

[1] Congress amended Title 28 in the Federal Court Jurisdiction and Venue Clarification Act of 2011. Pursuant to the Act, section 1446(b) now includes subsection (C), which reads:

> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

P.L. 112-63, 125 Stat. 758 (2011).

party seeks removal in accordance with 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed *solely under section 1441(a)*, all defendants who have been properly joined and served must join in or consent to the removal of the action.") (emphasis added). Moreover, the Corporation's statutory charter expressly allows for unilateral removal by the Corporation, regardless of any objection or waiver on the part of the other defendants. 12 U.S.C. § 1452(f)(3). In short, contrary to Plaintiffs' argument, the fact that Nationstar failed to remove timely this action does not preclude the Corporation from removing the action.

Finally, Plaintiffs' request that the Corporation file a separate Notice of Removal is contrary to the interests of judicial economy and unnecessarily promotes form over substance. Nationstar's Notice of Removal includes the statutory grounds for the Corporation's removal, and for the Court's exercise of jurisdiction. Plaintiffs have thus cited no sound reason to require the filing of a separate notice.

In sum, pursuant to 12 U.S.C. §§ 1452(f)(1), (2) & (3), the Corporation is an agency of the United States for purposes of 28 U.S.C. § 1442, all actions to which the Corporation is a party are deemed to fall within the original jurisdiction of the United States District Courts, and the Corporation may unilaterally remove an action against it at any time prior to trial. *See Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1253 (9th Cir. 2006) ("a federal officer or agency defendant can unilaterally remove a case under section 1442"); *see also Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Pretlow v. Garrison*, 420 F. App'x 798, 800 (10th Cir. 2011). Furthermore, Plaintiffs have offered no persuasive argument in law or logic to support their objection to the Corporation's joinder of Nationstar's Notice of Removal. Accordingly, the recommendation is as follows: the Court grant the Corporation's Motion to Join (ECF No. 44); given the Corporation's subsequent joinder of the Notice of Removal, the Court declare moot the

Recommended Decision of January 14, 2014 (ECF No. 41); and the Court deny Plaintiffs' Motion to Remand (ECF No. 11).

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

March 3, 2014