UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD E. HAMILTON, Jr. *et al.,* | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:13-cv-00414-JAW |
| | ) | |
| FEDERAL HOME LOAN MORTGAGE | ) | |
| CORPORATION D/B/A FREDDIE MAC, | ) | |
| *et als.,* | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

This matter is before the Court on Plaintiff Richard E. Hamilton, Jr.'s Request for Judicial Notice (ECF No. 87). Through his filing, Plaintiff requests that the Court take judicial notice of various pleadings in other cases; a copy of a partially executed consent judgment filed in the matter of *United States v. Bank of America Corporation*, in the United States District Court for the District of Columbia; a release filed in the same matter; the docket sheet and complaint for foreclosure filed against Plaintiff in the Maine District Court; e-mail correspondence between Plaintiff or his father and a Senior Staff Attorney at the Maine Bureau of Insurance; a certain Bureau of Insurance report, and SEC reports related to Bank of America Corporation's many subsidiaries. Plaintiff contends that the documents "set forth adjudicative facts that directly relate to the Plaintiff's claims and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (*Id.* at 5.) The Bank of America Defendants, the Federal Home Loan Mortgage Corporation, and Nationstar Mortgage oppose the request. (ECF Nos. 95, 97.)

Pursuant to Rule 201(b) of the Federal Rules of Evidence, the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial

court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  In addition, "[t]he court . . . *must* take judicial notice [of adjudicative facts] if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added).  However, "a party is entitled to be heard on the *propriety* of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(e) (emphasis added).  In other words, the Court can deny a request based on a reasonable exercise of discretion.

In the Recommended Decision, "notice" was taken of the *existence* of the state court foreclosure complaint and docket sheet.  Although the Court could take notice of the pleadings in the other cases against certain defendants in this action, Plaintiff evidently asks the Court to take notice of the truthfulness of some of the assertions in the pleadings.  When the Court takes judicial notice of other pleadings, it does not take judicial notice of the *veracity* of any factual assertions found in those pleadings.  *See, e.g., Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (internal quotation marks omitted).  Furthermore, the consent judgment and release of which Plaintiff wants the Court to take notice do not contain an admission of liability.  In addition, the documents are not fully executed.  Finally, other than the fact that foreclosure proceedings were instituted against Plaintiff (a fact that already is related in Plaintiff's complaint), the remaining documents do not contain *material*, adjudicative *facts* that are not reasonably subject to dispute.  Therefore, with the exception of the Maine District Court filings and docket sheet, the Plaintiff's Request for Judicial Notice is denied.

## CONCLUSION

Based on the foregoing analysis, Plaintiff's Request for Judicial Notice is granted in part and denied in part. The Court takes judicial notice of the Maine District Court filings and docket sheet, but declines to take judicial notice of the remaining documents.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of July, 2014